UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FRED R. SIVER, aka FRED R. SIBER,                )        CASE NO. 1:11 CV 1302
                                                 )
            Petitioner,                          )        JUDGE JAMES G. CARR
                                                 )
      v.                                         )
                                                 )        <u>OPINION AND ORDER</u>
KIMBERLY CLIPPER,                                )
                                                 )
            Respondent.                          )

On June 24, 2011, Petitioner *pro se* Fred R. Siver filed the above-captioned Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Siver is confined in an Ohio penal institution, having been convicted, pursuant to a guilty plea, of pandering sexually-oriented matter involving a minor (9 counts), illegal use of a minor in nudity-oriented materials (5 counts), and possession of criminal tools. For the reasons stated below, the Petition is denied and this action is dismissed without prejudice.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, a petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b)(1).

It is evident on the face of the Petition that Siver has not exhausted his state court remedies, as he currently has an appeal, from the denial of a Postconviction Relief Motion, pending in the Ohio Court of Appeals, wherein he asserts the trial court erred in denying the Motion as untimely. In the

Postconviction Relief Motion which is the subject of the appeal, Siver raises "Prosecutorial Misconduct" and "Ineffectiveness Assistance of Trial Counsel." Siver also has a Motion to Re-open the Direct Appeal pending in the same Ohio Court of Appeals, in which he asserts "Ineffective Assistance of Appellate Counsel." The issues sought to be raised in his pending Ohio Court of Appeals proceedings are, in addition to the sentencing-related issues raised and exhausted in his direct appeal, among the grounds set forth in the instant habeas action.

Because the Petition raises issues on which Siver has yet to fully exhaust state court remedies, it is subject to the rule of *Rose v. Lundy*, 455 U.S. 509 (1982), that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Id.* at 522.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition is denied and this case is dismissed without prejudice. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

S/ JAMES G. CARR
UNITED STATES DISTRICT JUDGE